O'HAGAN SPENCER LLP
Julian G. Senior (SBN 219098)
  E-mail:  jsenior@ohaganspencer.com
Marcelo Lee (SBN 271980)
  E-mail:  mlee@ohaganspencer.com
1600 Rosecrans Ave.
Bldg. 5A -- Ste. 250
Manhattan Beach, CA 90266
Phone No.: 310.727.3330
Fax No.: 310.727.3331

Attorneys for Defendant
KIA MOTORS AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LIN,<br><br>       Plaintiff,<br><br>       vs.<br><br>KIA MOTORS AMERICA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>       Defendants. | **CASE NO.: SACV11-01662 JVS (SHx)**<br><br>DISCOVERY MATTER<br><br>Assigned to:   Hon. Stephen J. Hillman<br>Courtroom:   550<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed:  September 28, 2011<br>Removal Date:   October 28, 2011<br>Trial Date:    None Set |

WHEREAS, in recognition of the fact that plaintiff Amy Lin and her counsel of record ("plaintiff") will seek from Kia Motors America, Inc. ("KMA") documents and information which constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information (hereinafter referred to as the "Documents" and/or "Information"); and

WHEREAS, KMA recognizes that certain of such Documents and

1

Information may be subject to discovery from time to time in the course of the litigation of the above-captioned matter (hereinafter referred to as the "Action");

NOW THEREFORE, plaintiff and KMA, by and through their attorneys, stipulate to the following:

1.      All Documents and Information produced or disclosed by KMA to plaintiff in this Action whether voluntarily or pursuant to discovery demand or court order, and which are not already a matter of public record, shall be provided only to plaintiff, including plaintiff's counsel in this Action.  (Documents and Information which do not constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information or which have already been made public are not covered by this Stipulation.)  Those persons who are employees of plaintiff's counsel may have access to such Documents and Information on a need to know basis.  Any consultant or expert retained by plaintiff may have access to such Documents and Information once they have agreed in writing, in the form described in paragraph 8 of this Stipulation, to abide by the provisions of this Stipulation.  This Stipulation shall not limit the plaintiff's right to use the Documents and Information in connection with any legal proceeding related to this action, including trial or appeal.  However, said Documents and Information used in connection with any legal proceeding, including deposition testimony, related to this action may be sealed upon application of KMA and order of the Court.

2.      Documents produced by KMA which are subject to this Stipulation and any Order entered by the Court may be marked, "Privileged and Confidential -- Subject to Stipulation and Protective Order," or in a similar fashion.

3.      The Documents and any Information derived from examination of said Documents as well as any other Information provided to plaintiff which KMA identifies as confidential shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim,

1    proceeding, or for any other purpose, except upon the written stipulation of the

2    parties or order of the Court.

3            4.      In the event counsel for any party disputes the designation of any

4    Document or Information as "Confidential," he or she shall notify KMA in

5    writing within 21 days of receipt of Documents of Information designated as

6    "Confidential."  If written notification is not served within 21 days of receipt of

7    designated Documents and Information, any objection to the designation shall be

8    deemed waived.   KMA shall within 21 days apply to the Court for a

9    determination that the Document or Information contains trade secrets or other

10   confidential information.  If a motion for judicial determination is not filed and

11   served within 21 days of receipt of plaintiff's objections, then the designation of

12   the documents and information as "confidential," which have been identified in

13   plaintiff's objections, shall be deemed waived.  Until a final determination by the

14   Court, any disputed Document or Information will be treated as "Confidential"

15   pursuant to this Stipulation.  Nothing in this Stipulation shall be construed to alter

16   or shift the burden of proof as they apply to the assertion of privileges or

17   exemptions from public disclosure or any claim or affirmative defense in this

18   matter.

19           5.      In the case of a deposition or oral examination, KMA may, during

20   the deposition, designate on the record that testimony involving Documents and

21   Information be held as "Confidential" and the entire deposition transcript will be

22   treated as confidential until KMA receives a transcript of the deposition and

23   designates specific page and line portions of the testimony.  After receipt of the

24   final deposition transcript, KMA shall identify by page and line the portion of the

25   material that KMA intends to designate "Confidential" in a written letter served to

26   all counsel of record within 30 days after KMA's receipt of the written transcript

27   from the court reporter.  Only the portions of the deposition transcript designated

28   by KMA during this time period shall remain "Confidential."   Any party

3

challenging the "Confidential" designation of the deposition transcript shall inform KMA of those specific challenges in writing within 21 days of receiving the designations. If written notification is not served within 21 days of receipt of designated portions of the transcript, any objection to the designation shall be deemed waived. KMA shall have 21 days from receipt of the written challenges to move for an appropriate order regarding the confidentiality of all or portions of the transcript. If a motion for judicial determination is not filed and served within 21 days of receipt of plaintiff's objections, then the designation of the transcript as "confidential," which have been identified in plaintiff's objections, shall be deemed waived. The parties stipulate the court reporter or videographer for any such depositions, who will be given a copy of this Stipulation, and will execute an acknowledgement thereof, shall not disclose to anyone any deposition testimony or exhibits in this lawsuit except those also subject to the Stipulation

6.     Plaintiff in this Action may publish the Documents and Information produced by KMA in this Action only to those persons identified in paragraph 1 of this Stipulation who have a need to review, rely on and/or analyze such Documents and Information for the purpose of prosecuting this Action. Plaintiff shall not provide such Documents or Information to any other person or entity for any purpose whatsoever, except as permitted by this Stipulation or by mutual consent of the parties.

7.     Except as provided in paragraph 4 above, the persons covered by this Stipulation are prohibited from disseminating in any fashion, manner or method the Documents and Information produced herein by KMA, or any copies, notes, summaries, extracts or digests thereof, without the further written Stipulation of KMA or by Order of the Court.

8.     Prior to the dissemination of any of the Documents or Information to any person, firm or organization, plaintiff shall ensure that each such person, firm or organization has agreed to be subject to the jurisdiction of this Court in the

event of any violation or alleged violation of this Stipulation or any Order issued pursuant thereto.  Plaintiff shall not disclose, by any means whatsoever, any Documents or Information until the person, firm or organization to whom disclosure is to be made has:

      (i)     read this Stipulation and any Order thereon in its entirety;

      (ii)    signed a copy of this Stipulation and any Order issued thereon signifying agreement to its provision and consent to the jurisdiction of the Court over them.

9.    Plaintiff shall maintain a list of all persons, firms or organizations who have received Documents and/or Information.  At the conclusion of this Action, plaintiff will furnish the attorneys for KMA a list of all persons, firms or organizations, including any expert consultants not designated as expert witnesses by plaintiff, who have received any Documents or Information, as well as the Stipulation signed by each of them.

10.    The production of Documents or Information shall not constitute a waiver of KMA's claim in this Action or otherwise that said Documents or Information are privileged or are otherwise non-discoverable, and plaintiff's execution of this protective order shall not constitute a waiver of their claim that the documents do not contain confidential information.

11.    All Documents and Information, and copies of such materials, shall be surrendered to the attorneys for KMA at the conclusion of this Action, or shall be destroyed by plaintiff.  All notes, digests, summaries and extracts derived from such Documents and Information shall be destroyed by plaintiff at the conclusion of this Action.  Plaintiff's attorneys shall certify, within twenty (20) days of the conclusion of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met by all persons signing this Stipulation.

12.    Any Documents or Information subject to this Stipulation may later

be removed from the terms of this only by (a) written stipulation of the parties, (b) by written statement provided by Defendant, (c) by order of the Court or (d) as provided in paragraphs 4 and 5 of this Stipulation.

13.    The Court shall retain jurisdiction to enforce this Stipulation and any Order issued pursuant thereto after the conclusion of this Action.   Any party seeking to enforce this Stipulation or Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions.

Additional Provisions:

No document shall be sealed in this litigation except upon application in accordance with the local rules of this district regarding the sealing of documents. Procedurally, the parties must comply with C.D. Local Rule 79-5 regarding the sealing of documents.

The substantive standards set forth by the Ninth Circuit for filing documents under seal are found in <u>Pintos v. Pacific Creditors Ass'n.</u>, 605 F.3d 665, 678 (9th Cir. 2010) and <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206.1210 (9th Cir. 2002).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

STIPULATED PROTECTIVE ORDER

1    Any confidential material filed with the Court, sealed or otherwise, will

2  not be returned at the conclusion of the litigation

3

4  AGREED TO BY:

5

6  DATED:   _____, 2012          O'HAGAN SPENCER LLP

7

8                                     By:   _____

9                                          Julian G. Senior
                                            Marcelo Lee
10                                          Attorneys for Defendant
                                            KIA MOTORS AMERICA, INC.
11

12

13  DATED:   _____, 2012          ROMANO & STANCROFF PC

14

15                                    By:   _____

16                                          Mark Romano
                                            Attorneys for Plaintiff
17                                          AMY LIN

18                          **ORDER**

19

20       IT IS SO ORDERED.

21

22  DATED:   March 28, 2012      By:   _____

23                                          Hon. Stephen J. Hillman
                                            U.S. Magistrate Judge
24

25

26

27

28

7

STIPULATED PROTECTIVE ORDER

ACKNOWLEDGEMENT:

I hereby acknowledge and affirm that I have read the terms and conditions of this Stipulation.  I understand the terms of the Stipulation and, under oath, consent to be bound by such terms as a condition of being provided access to the Documents and Information.   I further consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Stipulation and Protective Order thereon.

DATED: _____

_____
NAME

_____
ADDRESS

_____
TELEPHONE NUMBER

SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS  ____  DAY  OF _____, 20____.

_____

Notary Public, State of _____

_____

My Commission Expires:

STIPULATED PROTECTIVE ORDER